**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ACCELERON, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>EGENERA, INC.,<br>FUJITSU-SIEMENS COMPUTERS, INC.,<br>FUJITSU-SIEMENS COMPUTERS, LLC,<br>HEWLETT-PACKARD CO.,<br>INTEL CORP.,<br>NEC CORPORATION OF AMERICA,<br>RACKABLE SYSTEMS, INC.,<br>SILICON MECHANICS, INC.,<br>SUN MICROSYSTEMS, INC., and<br>SUPERMICRO COMPUTER, INC.,<br><br>        Defendants. | Civil Action No. 6:08-CV-00417-LED<br><br>JURY TRIAL DEMANDED |

**ACCELERON LLC'S OPPOSITION TO SUN'S MOTION TO TRANSFER VENUE, SUPERMICRO COMPUTER'S MOTION TO TRANSFER, FUJITSU-SIEMENS COMPUTERS, INC AND FUJITSU SIEMENS LLC'S MOTION TO TRANSFER VENUE, EGENERA'S MOTION TO TRANSFER VENUE, AND SUR-REPLY TO INTEL'S REPLY IN SUPPORT OF HP'S MOTION TO TRANSFER VENUE**

## INTRODUCTION

Each of the pending Motions to Transfer[1] should be denied because the moving parties have not shown that Delaware is clearly more convenient. Many of the pending motions repeat previously briefed arguments that this case should be transferred under the first-to-file rule and that Delaware is more convenient because many of the parties are incorporated in that state. Acceleron has already addressed these arguments in its previous briefing and will not do so again here. (*See* Docket No. 90).

Sun, Egenera, and Intel assert new arguments that transfer is warranted under U.S.C. §1404(a) because of witness convenience and access to potential sources of proof. The motions to transfer filed by Super Micro and Fujitsu-Siemens[2], are merely cumulative to previous briefs and provide no facts or argument demonstrating that Delaware is more convenient for these individual defendants. (*See* Docket Nos. 97 and 99). The facts show that this Court is the more convenient forum in which to litigate the parties' claims.

## ARGUMENT

Motions to transfer under the first-to-file rule or under §1404(a) require the movant to show that the proposed transferee court is more convenient under a §1404(a) analysis. The moving defendants have not met their burden, and the facts show that Texas is the most convenient forum for resolution of the pending issues. Intel, Egenera, and Sun primarily argue that Delaware is more convenient based on access to documents

---

[1] Acceleron also hereby responds to the notices of Joining in Motions to Transfer filed by Sun, Super Micro, Fujitsu-Siemens Computers Inc. and Fujitsu-Siemens Computer LLC (collectively "Fujitsu-Siemens"), and Egenera.
[2] Acceleron will separately respond to Fujitsu-Siemens's motion to dismiss based on lack of personal jurisdiction in a brief to be filed later.

and the convenience of witnesses. Both of these factors weigh *against* transfer to Delaware.

First, Intel, Egenera, and Sun advance conflicting arguments regarding the importance of party witness convenience. Intel argues that party witness convenience should be given little weight. (*See* Docket No. 94, p. 4). Sun, however, heavily emphasizes the convenience of a single Sun employee in Massachusetts. (*See* Docket No. 91, p. 6). Egenera argues that transfer is appropriate because its headquarters, and therefore its potential party witnesses and documents, are located closer to Delaware. None of these defendants identified a single potential witness located in Delaware. In contrast, Acceleron and its owner are located in this forum. (*See* Docket No. 98, p. 4). Egenera's and Sun's arguments also ignore the evident fact that the majority of all party witnesses will be closer to Texas than Delaware because the parties are overwhelmingly headquartered closer to Texas.

Intel and Sun argue that non-party witness convenience weighs in favor of transfer. They state that Delaware is more convenient for the co-inventors and former owner of the patent. As to the named inventors of the '021 patent, both have been retained by Acceleron as consultants. They are willing to travel to Tyler from Atlanta and to produce any documentary evidence they may have in this forum, and therefore this Court is convenient for them.

Intel states that Atlanta is also home to the Racemi Corporation, the prior owner of the '021 patent, but Intel does not establish how the Racemi Corporation is likely to be a witness in this case. (*See* Docket No. 94, p. 4-5). Similarly, Sun fails to establish how testimony from any of the attorneys involved in prosecuting the application resulting in

2

the '021 patent would be relevant to any of the claims or defenses[3] in this case. (*See* Docket No. 91, p. 6). The convenience of witnesses, party and non-party, weighs against transfer to Delaware.

The access to potential sources of documentary evidence also weighs against transfer to Delaware. Intel, Egenera, and Sun have not demonstrated that the bulk of potential documentary evidence is closer to Delaware than to Texas. Acceleron and its documents are located in Texas. Most of the parties in this case are headquartered closer to Texas than Delaware, and their documents are likely to be closer to this forum. Sun, which has a principal place of business in California, points to a single Massachusetts employee as having potentially relevant documents, but is notably silent about where the majority of its relevant documents are located. (*See* Docket No. 91, p. 6). In sum, to the extent that physical evidence will need to be produced, Texas is the closer, and more convenient, forum for the great majority of the parties.

## CONCLUSION

For the foregoing reasons, Acceleron respectfully requests that this Court deny the pending Motions to Transfer. Defendants' conflicting arguments and incomplete factual analyses do not establish that Delaware is clearly more convenient than this Court.

---

[3] No party has alleged inequitable conduct in the prosecution of the '021 patent, and Sun fails to establish how any of the identified attorneys has relevant, non-privileged information related to infringement. Furthermore, there is no indication that any of the prosecuting attorneys has evidence relevant to validity.

3

Dated: February 25, 2009

                                          Respectfully submitted,

By:   */s/ Jason W. Cook*
      Jason W. Cook, Esq.
      Lead Counsel
      TX State Bar No. 24028537
      jason.cook@alston.com
      ALSTON + BIRD, LLP
      Chase Tower
      2200 Ross Avenue
      Suite 3601
      Dallas, TX 75201
      Phone: 214-922-3407
      Fax: 214-922-3899

      Patrick J. Flinn, Esq.
      George Medlock, Jr., Esq.
      Jennifer Liotta, Esq.
      ALSTON + BIRD, LLP
      One Atlantic Center
      1201 West Peachtree Street
      Atlanta, GA 30309-3424
      Phone: 404-881-7000
      Fax: 404-881-7777
      patrick.flinn@alston.com
      george.medlock@alston.com
      jennifer.liotta@alston.com

      Sarah C. Hsia, Esq.
      ALSTON + BIRD, LLP
      90 Park Ave.
      New York, NY 10016
      Phone: 212-210-9400
      Fax: 212-210-9444
      sarah.hsia@alston.com

      *Attorneys for Plaintiff*
      ACCELERON, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

　　　　　　　　　　　　　　　　　　　　　/s/ Jason W. Cook
　　　　　　　　　　　　　　　　　　　　　Jason W. Cook