# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **ACCELERON, LLC** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:08-cv-417** |
| | § | |
| **EGENERA, INC.,** | § | |
| **HEWLETT-PACKARD CO.,** | § | |
| **INTEL CORP.,** | § | |
| **NEC CORPORATION OF AMERICA,** | § | |
| **RACKABLE SYSTEMS, INC.,** | § | |
| **SILICON MECHANICS, INC.,** | § | |
| **SUN MICROSYSTEMS, INC., and** | § | |
| **SUPERMICRO COMPUTER, INC.** | § | |

## ORDER GRANTING MOTION FOR RECONSIDERATION OF MOTION TO TRANSFER VENUE

Before the Court is Defendant Hewlett-Packard's ("HP") Motion for Reconsideration of the District Court's Order Denying Hewlett-Packard Company's Motion to Transfer Venue to the District of Delaware (Doc. No. 245). The Court, having considered the motion, is of the opinion that it is meritorious and it is in all things GRANTED.

### I. Background

In February 2009, HP filed a motion requesting that this case be transferred to the District of Delaware pursuant to the "first to file" doctrine (Doc. No. 91). However, before the motion was ruled on, the first-filed case in Delaware was dismissed, and the motion to transfer was denied because there was no longer a pending first-filed case (Doc. No. 176). The Federal Circuit reversed the dismissal of the Delaware action and remanded the case to the Delaware District Court. HP has

now asked the Court to reconsider transferring the case to the District of Delaware (Doc. No. 245).

The following is a timeline of the dates relevant to HP's motion to reconsider and a notation of the court in which they occurred.

- **October 17, 2007 (Delaware action):** HP filed a declaratory judgment action against Acceleron in the District of Delaware seeking a judgment that certain HP products did not infringe U.S. Patent No. 6,948,021 (the "021 patent") and that the patent was invalid ("the Delaware action").

- **December 21, 2007 (Delaware action):** Acceleron filed a motion to dismiss for lack of subject matter jurisdiction

- **October 28, 2008 (Texas action):** While the Delaware action was still pending, Acceleron filed a complaint in the Eastern District of Texas alleging that the '021 patent is infringed by products belonging to HP, as well as several other defendants ("the Texas action").

- **January 23, 2009 (Texas action):** HP moved to transfer venue to the District of Delaware arguing that transfer is mandated by the first-to-file doctrine.

- **March 10, 2009 (Delaware action):** The Delaware action was dismissed for lack of subject matter jurisdiction.

- **June 9, 2009 (Texas action)**: HP's Motion to Transfer was denied because there was no longer a first-filed action pending before the Delaware District Court (Doc. No. 176).

- **December 4, 2009 (Delaware action):** The Court of Appeals for the Federal Circuit ruled that the District of Delaware has subject matter jurisdiction over the Delaware action. The Federal Circuit ordered that the case be remanded to the District of Delaware for further

proceedings.

■ **December 23, 2009 (Texas action):** HP filed a motion for reconsideration regarding the Order on Motion to Change Venue in the Texas action (Doc. No. 245).

HP asserts that, because the dismissal of the Delaware action has been reversed, the case in the District of Delaware is now the first-filed action, and this case should therefore be transferred to Delaware. Defendants Sun Microsystems, Intel, and Silicon Graphics have all filed notices of joinder in HP's motion.

## II. Analysis

Defendant's motion asserts that this case should be transferred pursuant to the "first to file" doctrine. Under the first to file rule, a district court may refuse to hear a case if the issues raised by the case "substantially overlap" with issues raised in a previously filed federal case. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F. 3d 599, 603 (5th Cir. 1999). The general rule in the Fifth Circuit is that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Further, the Federal Circuit has held that, in patent cases, "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory action," unless considerations of "judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genetech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). The first to file rule is grounded in principles of comity and sound judicial administration and reflects the federal courts' concern "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of

issues that call for a uniform result." *Save Power*, 121 F.3d at 950 (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).

The Delaware action was filed more than a year before the case now pending in the Eastern District of Texas.  The issues in the two cases are more than substantially similar, they are nearly identical.  In the Delaware action, HP asserts that its products do not infringe the '021 patent and that the patent is invalid.  In the Texas action, Acceleron claims that HP's products infringe the '021 patent, and in response HP denies this allegation and alleges that the '021 patent is invalid.  HP also asserts identical counterclaims to the declaratory judgment claims in the Delaware action.

Acceleron makes similar infringement allegations against the other defendants in the Texas action.  All of the claims against the other defendants involve the same '021 patent as the Delaware action along with significantly similar infringement contentions.  This Court has the discretion to transfer not only the claims against HP, but also the claims against the other remaining defendants. *Save Power*, 121 F.3d at 951.  Because the two actions involve substantially overlapping questions and core issues,  including claim construction and invalidity, one court should decide them to avoid duplication and a conflicting resolution of issues that require a consistent result.

Considerations of judicial and litigant economy, as well as the just and effective disposition of the disputes, support the Court's transfer in this case.  The identical nature of the two cases strongly favors transferring this action to the first-filed forum.  It is a far better use of both the Court's and the parties' resources to try these two actions together.  The Court has also considered the fact that all of the remaining parties are incorporated in Delaware, and that it is clear the Delaware court has jurisdiction over all the parties.  Further, the Texas action is still in its infancy.

The parties have primarily engaged in discovery, which would be applicable in the Delaware action. The discovery deadline has not passed and the *Markman* hearing has not been held.

The Court notes that Acceleron has filed a motion to dismiss or transfer in the Delaware court for many of the same grounds as contained in this Order. Acceleron admits that the "Delaware Court, as the Court in which the first-filed action involving HP is pending, should decide whether to retain jurisdiction over Acceleron's dispute with HP." (Pl.'s Resp. 1). The Court agrees that the Delaware Court, as the forum of the first-filed action, is the proper court to make a determination of whether one or both of these actions should dismissed, transferred, or consolidated.

### III. Conclusion

For the reasons discussed above, Defendant HP's Motion for Reconsideration of the District Court's Order Denying Hewlett-Packard Company's Motion to Transfer Venue to the District of Delaware (Doc. No. 245) is GRANTED. This case is hereby TRANSFERRED to the District of Delaware.

**It is SO ORDERED.**

**SIGNED this 25th day of January, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE